IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE A. NICHOLS,

      Plaintiff,

      v.

SUSAN M. TIMLIN *The Allegheny County Children Youth and Family - Mon Valley Regional Office*, ALLEGHENY COUNTY DEPARTMENT OF HUMAN SERVICES, OPFFICE OF CHILDREN, YOUTH AND FAMILIES,

      Defendants.

11cv1638
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Before the Court is Defendants' Motion to Dismiss filed on behalf of Susan M. Timlin, and the Allegheny County Department of Health and Human Services, Office of Children, Youth and Families. *Pro se* Plaintiff filed a civil rights lawsuit essentially contending that Defendants violated a collective bargaining agreement by depriving her of overtime and/or by failing to appropriately allocate overtime among its employees including Plaintiff. See doc. no. 3.

Defendants filed this Motion to Dismiss suggesting that all claims asserted against them should be dismissed. For the reasons set forth in greater detail below, the Court will grant Defendants' Motion to Dismiss.

**I. Standard of Review**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and

where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**II. Factual Background**

The allegations set forth below are accepted as true solely for the purposes of deciding Defendants' Motion to Dismiss.

Plaintiff was an employee of Defendant Allegheny County Children, Youth and Families. She had been an employee since 1990. Doc. no. 3. Plaintiff claims that Defendant Timlin established and continued to allocate available overtime to "certain individuals in general and one individual specifically with far less seniority" than Plaintiff in violation of the collective bargaining agreement ("CBA") executed between Allegheny County and the Service Employees International Union ("SEIU").[1]  Id.

Plaintiff claims that Defendant Allegheny County was made aware of Plaintiff's overtime concerns "because of previous legal remedies" she sought "through the SEIU. Id. Plaintiff claims that this action is brought pursuant to 42 U.S.C. § 1983, and this Court infers that she intended to raise a civil rights claim. Id.

Defendants filed a Motion to Dismiss Plaintiff's Complaint (doc. no. 8), and the during this Court's Initial Case Management Conference with the parties, the Court informed Plaintiff that her response to same was overdue. Plaintiff filed what she styled a "Motion for Summary Judgment" (doc. no. 24), but based on the content of this document, the Court determined that

---

[1] The Court infers from the Plaintiff's Complaint that she is a member of this Union and thus a beneficiary to the CBA.

this was Plaintiff's Response in Opposition to the Motion to Dismiss, not a separate Motion for Summary Judgment.  See text order dated July 20, 2012.   Thus, the issues raised in the Motion to Dismiss are now ripe for adjudication.

**III. Discussion**

    **A.**    **Plaintiff's Section 1983 Claim - in General**

Defendants' Motion to Dismiss and Brief in Support first argue that the Plaintiff's Complaint fails to raise a valid Section 1983 claim.  Defendants note that Plaintiff's Complaint fails to assert violations of a specific constitutional amendment.

However, construing the Complaint in a light most favorable to this *pro se* Plaintiff, it can be inferred from the language of the Complaint that Plaintiff may have been attempting to assert a procedural due process violation.  See Doc. No. 3 ("Defendant shows favoritism toward certain individuals . . . with far less seniority . . . in regards the assignment of overtime, directly violating the terms of the [collective bargaining agreement]" which provides that overtime "shall first be offered to employee(s) with the most seniority within the classification at that department.").  Thus, Plaintiff's Complaint appears to assert that the terms of the CBA gave her a property interest (due to her alleged seniority status) obtaining overtime.  However, a liberal reading of Plaintiff's Complaint, suggests that this alleged property interest was stripped from her without due process when Defendants purportedly violated the CBA.[2]

To establish this sort of Section 1983 claim – one predicated upon procedural due process – Plaintiff must show that she was deprived of a property interest under color of law and without

---

[2] This Court does not opine that the CBA actually conferred a property interest upon Plaintiff in the form of some right to overtime due to her seniority.  However, because the Court is deciding a Motion to Dismiss filed against a *pro se* Plaintiff, the Court has given Plaintiff the benefit of arguing same and accepting same as true solely for the purpose of deciding this Motion.

due process. *Griffin v. Municipality of Kingston*, 453 Fed.Appx. 250, 251 (3d Cir. 2011). However, failure to utilize the grievance procedure available under his CBA is fatal to this claim. *Id*., p. 252; *see also, Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir. 2000) (To state a claim a violation of one's right to procedural due process, a plaintiff must have taken advantage of the processes that were available, unless those processes were patently inadequate.). A state cannot be held to have violated due process when a plaintiff has refused to utilize procedural protections that were available. *Garzella v. Borough of Dunmore*, 280 Fed.Appx. 169, 173 (3d Cir. 2008).

Here, Plaintiff never mentions the grievance process, nor whether she availed herself of it. Rather, Plaintiff merely alleges, "[Defendant] Allegheny County Department of Human Services, Office of Children, Youth and Families has been aware of this illegal dispensation of over time because of previous legal remedies sought by [Plaintiff] through the SEIU . . . ." Plaintiff's failure to properly plead whether she utilized a grievance procedure available under the CBA is fatal to her claim.

Therefore, there is nothing in the Complaint that discusses the grievance process under the CBA and whether Plaintiff availed herself of that process. Accordingly, while this Court does not wholly agree with Defendant that Plaintiff failed to assert violations of a specific constitutional amendment, the Court finds that Plaintiff's failure to properly plead whether she utilized the CBA's grievance procedure is fatal to her procedural due process claim.

Additionally, even the most liberal reading of Plaintiff's Complaint does not offer any other basis for her Section 1983 claim, and thus, this Court will dismiss the Section 1983 claim in its entirety as to all Defendants.

### B. Plaintiff's Section 1983 Claim – *Respondeat Superior*

In addition to the fact that Plaintiff's Complaint fails to assert a plausible Section 1983 claim for the reason set forth above, in a civil rights claim the defendants must have personal involvement in the wrongdoing. *See Evancho v. Fisher* 423 F3d 347, 353 (3d Cir. 2005) (Liability cannot be predicated solely on the operation of *respondeat superior.*); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978) (The language of Section 1983 cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor.).

Here, Plaintiff's Complaint fails to offer any specific information as to how the individual Defendant, Defendant Timlin, is liable to Plaintiff. The Complaint is utterly void of any assertions that could be construed as facts concerning Defendant Timilin's personal involvement that lead to the alleged constitutional deprivation of a property interest belonging to Plaintiff. In addition, under *Monell* and its progeny, Defendant Timlin cannot be sued in her official capacity. Thus, any claim asserted against Defendant Timlin would be dismissed for this reason as well as the reason stated in subpart "A." above.

### C. Plaintiff's Section 1983 Claim – Municipal Liability

As noted by the United States Court of Appeals for the Third Circuit in *Beck v. City of Pittsburgh*:

> When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Thus, although the municipality may not be held liable for a constitutional tort under § 1983 on the theory of vicarious liability, it can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom. *Id*. at 694.

89 F.3d 966, 971 (3d Cir. 1996).

Again, Plaintiff failed to allege any facts which suggest the Defendant, Allegheny County Department of Human Services, Office of Children, Youth and Families had a policy or custom that caused the injury of which Plaintiff complains. Accordingly, for this reason as well as the reason set forth in subpart "A." above, any claim asserted against this Defendant will be dismissed.

**IV. Conclusion**

Based on the foregoing, Defendants' Motion to Dismiss shall be granted with respect to all claims. An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties

Leslie A. Nichols
523 Romine Avenue
McKeesport, PA 15132
PRO SE PLAINTIFF