IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE A. NICHOLS,

    Plaintiff,

v.

SUSAN M. TIMLIN *The Allegheny County Children Youth and Family - Mon Valley Regional Office*, ALLEGHENY COUNTY DEPARTMENT OF HUMAN SERVICES, OPFFICE OF CHILDREN, YOUTH AND FAMILIES,

    Defendants.

11cv1638
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint filed on behalf of Susan M. Timlin, and the Allegheny County Department of Health and Human Services, Office of Children, Youth and Families.

*Pro se* Plaintiff originally filed a civil rights lawsuit essentially contending that Defendants violated a collective bargaining agreement by depriving her of overtime and/or by failing to appropriately allocate overtime among its employees, including Plaintiff. See doc. no. 3. In response, Defendants filed a Motion to Dismiss her original Complaint (doc. no. 8) and this Court granted Defendants' Motion without prejudice to Plaintiff to refile.[1] Doc. No. 26.

Plaintiff filed an Amended Complaint (doc. no. 31), but instead of re-pleading her civil rights claim, she appears to have abandoned that claim and instead opted to file a Title VII claim, alleging discrimination in her workplace. The basic facts appear to be the same.

---

[1] The Court notes that Plaintiff indicated during the initial case management conference that she did not want be assisted by counsel to pursue her case in chief, but she obtained an attorney strictly for the ADR process through this Court's pro bono counsel program.

Defendants filed a Motion to Dismiss the Amended Complaint (doc. no. 32), and the Plaintiff filed some papers in Response to the Motion to Dismiss. Doc. No. 34. For the reasons set forth in greater detail below, the Defendants' Motion will be granted.

**I. Standard of Review**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims

are sufficient to show a "plausible claim for relief." *Fowler*, 578 at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. Factual Background

The allegations set forth below are accepted as true solely for the purposes of deciding Defendants' Motion to Dismiss.

Plaintiff has worked as a case aide for Defendant, Allegheny County Children, Youth and Families since June 4, 1991. Doc. No. 31. Plaintiff claims that she is at the "upper echelon of seniority" in her office, but has been subjected to discrimination by the way that Defendants allocated the overtime work. Id.

Specifically, Plaintiff alleges that Defendant Timlin showed favoritism toward "certain individuals in general and one individual specifically with far less seniority" than Plaintiff, with regard to the assignment of overtime. Id. Plaintiff claims that Defendant Timlin's "personal

3

preference" displayed her indifference to, and directly violated the terms of, Plaintiff's collective bargaining agreement ("CBA") executed between Allegheny County and the Service Employees International Union ("SEIU").[2] Id. Plaintiff claims that Defendant Allegheny County was made aware of Plaintiff's overtime concerns "because of previous legal remedies" Plaintiff sought "through the SEIU Local 668[,]" but remained indifferent to her concerns. Id.

Plaintiff's Amended Complaint states that from December 1, 1999 to the present Defendants have "violated [her] civil rights." However, she then quotes Title VII, noting that the law prohibits discrimination on the basis of race, color, religion, sex, and national origin. Id.

Plaintiff's Amended Complaint fails to indicate the predicate basis is for her Title VII claim. However, it is clear from the Amended Complaint that Plaintiff thinks Defendants violated the collective bargaining agreement (to which she was a beneficiary) by awarding overtime to others with less seniority than her. She now believes that in so doing she has suffered workplace discrimination at the hands of these Defendants, as that term is defined by Title VII.

In response to this Amended Complaint, Defendants filed a Motion to Dismiss, and their Brief in Support first reiterates the arguments Defendants made when Plaintiff filed her original Complaint asserting a civil rights claim brought pursuant to 42 U.S.C. § 1983. Doc. No. 32. Next, the Defendants' Brief addresses Plaintiff's Title VII claim, arguing that: (1) such a claim is time barred, (2) Plaintiff failed to exhaust her administrative remedies, and (3) such a claim cannot be brought against Defendant Timlin. Id.

The Court ordered Plaintiff to respond to Defendants' Motion to Dismiss the Amended Complaint. Plaintiff filed a single-page typed document and an additional two pages which were

---

[2] Although not specifically pled, the Court infers from Plaintiff's Amended Complaint that she is a member of this Union and thus a beneficiary to the CBA.

EEOC forms. Doc. No. 34.

**III. Discussion**

    **A.     Plaintiff's Civil Rights Claim under 42 U.S.C. §§ 1981 and 1983**

Based on the Amended Complaint, the Court is of the opinion that Plaintiff has abandoned her civil rights claim under 42 U.S.C. §§1981, 1983. However, even if Plaintiff did not intend to abandon her claim(s) in this regard, she failed to cure the defects in her claim(s) in this regard. The Court explained why these claim(s) were deficient in its prior Memorandum Opinion (doc. no. 25) when it granted Defendants' prior Motion to Dismiss without prejudice to Plaintiff to amend her pleading.

Given that Plaintiff's Amended Complaint fails to remedy those deficiencies previously noted by the Court, the Court finds that Plaintiff's Amended Complaint has failed to raise a valid civil rights claim for the reasons set forth in its prior opinion.

    **B.     Plaintiff's Title VII claim**

Before a plaintiff can bring a Title VII action, she must exhaust her administrative remedies, typically by filing a charge with the EEOC and receiving from the EEOC a notice of the right to sue. 42 U.S.C. § 2000e–5(e)(1); see also *Burgh v. Borough Council of the Borough of Montrose,* 251 F.3d 465, 470 (3d Cir. 2001). Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Devine v. St. Luke's Hosp.,* 406 Fed. Appx. 654 (3d. Cir. 2011), *citing Anjelino v. New York Times Co.*, 200 F.3d 73, 87–88 (3d Cir. 2000).

Here, Plaintiff's Amended Complaint contains no indication as to whether she did exhaust her administrative remedies. Her Response to Defendants' Motion to Dismiss the Amended Complaint indicates that she attempted to file a grievance with her Union. The two

pages of EEOC forms indicate that the EEOC closed its file due to the fact that Plaintiff had named an incorrect respondent. Importantly, Plaintiff has failed to provide information that she did in fact file a claim with the EEOC against her actual employer.

This information supplied by Plaintiff, certainly evidences her <u>attempts</u> to seek administrative remedies. However, this alone is not enough to support a finding that she did in fact <u>exhaust</u> her administrative remedies. To the contrary, the documentation provided by Plaintiff convinces the Court that she has failed to exhaust her administrative remedies necessary to file a Title VII claim. Accordingly, this Court will dismiss her Title VII claim.

Although Defendants also challenge the Title VII on statute of limitations grounds, (as well as other grounds), because the Court finds that Plaintiff failed to exhaust her administrative remedies and because this is a basis upon which the Court must dismiss her Title VII claim, the Court shall dismiss this case with prejudice without addressing Defendant's other arguments.

## IV. Conclusion

Based on the foregoing, Defendants' Motion to Dismiss shall be granted with respect to all claims. An appropriate Order follows.

<u>s/ Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Leslie A. Nichols
523 Romine Avenue
McKeesport, PA 15132
PRO SE PLAINTIFF